IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | CRIMINAL NO. 14-496 |
| : | |
| NATHANIEL DA-MEIR COLES : | |
| : | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 29(C)**

Defendant Nathaniel Da-Meir Coles moves for judgment of acquittal from the jury verdict delivered on February 16, 2017 pursuant to Rule 29 (c).

## INTRODUCTION

The defendant proceeded to trial commencing on February 10, 2017. The defendant was charged with a single count of conspiring to possess with the intent to distribute over 5 kilograms of cocaine. The trial concluded with a guilty verdict for the defendant on this single count on February 16, 2017. For the reasons that follow, this Honorable Court should set aside the verdict and declare an acquittal pursuant to F.R.Cr.P. 29 (c).

I.  **LEGAL STANDARD**

F.R.Cr.P. 29 states, in part:

**(c) After Jury Verdict or Discharge.**
**(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
**(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
**(3) No Prior Motion Required.** A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

II.  **ARGUMENT**

The elements of a charge of conspiracy are: (1) "a unity of purpose between the alleged conspirators"; (2)"an intent to achieve a common goal"; and (3) "an agreement to work together toward that goal." *United States v. Gibbs*, 190 F.3d 188,197 (3d Cir. 1999). While the government attempted to satisfy the elements of the conspiracy at trial and the jury did in fact return a guilty verdict against Defendant Coles, the evidence presented at trial was deficient because it is insufficient to sustain a conviction on the conspiracy count as a matter of law. At most the Government has established that the defendants all has some contact with an unknown Mexican man named "Daniel", not that they were part of any conspiracy.

In establishing a conspiracy between loosely associated individuals engaged in drug activity, the government must show that each defendant agreed to work with the others to advance a common interest. *United States v. Pressler*, 256 F. 3d 144 (3d Cir. 2009). It is not enough to allege that defendants were aware of individual drug

sales made by co-defendants, rather the Government must demonstrate the existence of an agreement to further a common purpose. *Id.*

*Pressler* is particularly instructive to the present case. In that case, Daniel Pressler and Scott Shreffler were convicted after a jury trial of conspiracy to distribute heroin. Shreffler appealed the conviction. The evidence established that Shreffler obtained and distributed a large amount of heroin. The main person from whom Shreffler obtained his heroin was Pedro "Pete" Caban, who also distributed the drug to many others. Some of the people to whom Caban sold heroin had been referred by Shreffler. The evidence also established that many of the people to whom Shreffler and Caban provided heroin sold the drug themselves, including a man named Charles Stoner with whom Shreffler lived for several months. Shreffler and Stoner traveled to Philadelphia on several occasions to buy heroin from Caban. During a four to five month period when Shreffler and Stoner lived together, they each sold heroin out of Stoner's house. Stoner obtained some of his heroin from Shreffler and would sometimes sell heroin to those who came to his house looking for Shreffler when the latter was not present.

On these facts, the Third Circuit held that the evidence was insufficient to prove beyond a reasonable doubt that Shreffler ever agreed to work with either Caban or Stoner or any of his other buyers to achieve a common goal or advance a common interest. The Court observed that, standing alone, all that this evidence proved was that Shreffler and Stoner were drug dealers who lived together for a time; it was not enough to show the existence of an agreement between them. *See United States v. Pressler*, 256 F.3d at 155 ("But, standing alone, all that this evidence [*i.e.*, that Stoner and Shreffler sold drugs from the same house and sometimes supplied drugs to each other's customers]

proved was that Shreffler and Stoner were drug dealers who lived together for a time; it would not, in our view, be enough to show the existence of an agreement between them.").

In the present case, the evidence showed that Mr. Coles barely knew the lead defendant Paris Church and that the sole alleged co-conspirator that testified for the Government, Mr. Pinkney, had no knowledge who Mr. Coles was until after they were arrested together. These facts are vitally important because defendant Church was clearly the alleged head of this particular effort to obtain cocaine from "Daniel." Mr. Church recruited Mr. Pinkney as the driver for the purported deal and made extensive plans with him. None of which happened in the presence of Mr. Coles. There was evidence which tended to suggest that Mr. Coles was communicating with "Daniel" but there was no evidence presented as to the content of those communications. What is more, the evidence presented did also suggest that Mr. Coles had attempted a failed *prior* deal with "Daniel." Therefore, the evidence merely suggested that Mr. Coles had possibly failed in a prior separate deal with "Daniel" and that he knew vaguely of Mr. Church's plans in this attempted transaction.

This effort ultimately failed so there were no drugs ever in the physical possession of any of the alleged co-conspirators. This fact is vitally important because not only did the jury incorrectly find that Mr. Coles was guilty of this conspiracy but the jury also answered yes to the interrogatory on the verdict sheet indicating that Mr. Coles knew that the attempted transaction was for more than five kilograms. This conclusion is simply not supported by any facts presented at the trial. Mr. Coles was heard on a very limited number of calls with Mr. Church and on none of those recorded calls did either Mr. Coles

nor Mr. Church mention any weights, prices, or measurements. Finally, the Government went to great lengths at trial to prove the extreme value and monetary benefit that could be made from importing even a single kilogram of cocaine from Mexico. For this reason alone, even if Mr. Coles did know about Mr. Church's attempts to acquire cocaine from Mexico it would not have been unreasonable for Mr. Coles to believe it could have been for a much smaller amount than five kilograms.

The evidence at trial wholly failed to set forth any facts from which one could infer a shared or common purpose as defined in *Pressler*. This much was made clear during the trial; however, undersigned counsel would respectfully request permission to supplement and augment this filing once the transcripts of all of the testimony and evidence has been received and reviewed.

### IV. CONCLUSION

For all of the reasons stated herein, this Court must set aside the jury verdict and declare an acquittal.

Respectfully submitted,

Daniel McGarrigle, Esquire
Attorney for Nathaniel De-Meir Coles
The McGarrigle Law Firm
117-119 North Olive Street
Media, PA 19063
610-566-3010

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion and memorandum of law has been served upon the following people this 2nd day of March, 2017, by electronic mail:

>A. Nicole Phillips, Esquire
>United States Attorney's Office
>For the Eastern District of Pennsylvania
>615 Chestnut Street, Suite 1250
>Philadelphia, PA 19106-4476

Daniel McGarrigle, Esquire

DATE: March 2, 2017